UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SARAH MOHADEB,

        Plaintiff,

     v.                              **MEMORANDUM AND ORDER**

CREDIT CORP SOLUTIONS INC., *D/B/A*        22-CV-5017 (RPK) (SJB)
TASMAN CREDIT,

        Defendant.
-----------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    Plaintiff Sarah Mohadeb filed this action in state court seeking damages for alleged violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. After defendant removed the case to federal court, plaintiff moved to remand for lack of jurisdiction. For the reasons set forth below, plaintiff's motion is granted, and this case is remanded to New York Supreme Court, Kings County.

## BACKGROUND

    In September 2021, defendant sent plaintiff a letter seeking to collect $8,170.12 in debt that plaintiff purportedly owed to defendant. Compl. 13 (Dkt. #1-2).

    Plaintiff sued defendant in New York Supreme Court, Kings County, for allegedly violating the FDCPA. *See id*. at ¶ 1. She claims that defendant violated Section 1692e and 1692g of the FDCPA by misrepresenting that she owed $8,170.12 in debt. *Id*. at ¶¶ 53–63; *see* 15 U.S.C. §§ 1692e, 1692g. And she claims that defendant violated Section 1692e of the FDCPA by misrepresenting that plaintiff owed the debt to defendant. Compl. ¶¶ 64–84. The complaint does not allege that plaintiff suffered any injury apart from these statutory violations. *See generally* Compl.

1

Defendant removed the case to this Court. *See* Not. of Removal ¶ 5 (Dkt. #1). Plaintiff then moved to remand the case, asserting that this action does not present a case or controversy over which this Court has jurisdiction because plaintiff did not suffer a concrete injury sufficient to confer standing for purposes of Article III's case or controversy requirement. *See* Mot. to Remand 5–6 (Dkt. #7).

## DISCUSSION

Plaintiff's motion to remand is granted. When a party moves to remand a case, the "party seeking removal bears the burden of showing that federal jurisdiction is proper." *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011). "Whether an action should be remanded to state court must be resolved by the district court with reference to the complaint, the notice of removal, and the state court record at the time the notice of removal was filed." Charles Alan Wright & Arthur R. Miller, 14C *Federal Practice and Procedure* § 3739 (4th ed. 2022); *see Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003). If the federal court lacks subject-matter jurisdiction, it must grant the motion to remand. *See Int'l Primate Prot. League v. Adm'rs of Tulan Educ. Found.*, 500 U.S. 72, 89 (1991).

Defendant has not met its burden of establishing that federal jurisdiction is proper. Federal courts may adjudicate only lawsuits that present a "case or controversy." U.S. Const. art. III, § 2. And a lawsuit presents a case or controversy only if the plaintiff has standing to pursue the grievance she presents. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2205 (2021). Standing does not exist in every case in which "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016). Instead, the plaintiff must have "suffered an injury in fact that is concrete, particularized, and actual or imminent," that "was likely caused by the defendant," and that "would likely be redressed by judicial relief." *TransUnion*, 141 S. Ct. at 2203 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555,

2

560–561 (1992)). "[W]hether a harm qualifies as 'concrete' hinges on 'whether the alleged injury to the plaintiff has a "close relationship" to a harm "traditionally" recognized as providing a basis for a lawsuit in American courts.'" *Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 19 F.4th 58, 63 (2d Cir. 2021) (quoting *TransUnion*, 141 S. Ct. at 2204). "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *TransUnion*, 141 S. Ct. at 2203 (citation and quotation marks omitted).

Plaintiff does not allege that she suffered any of the types of concrete injury that courts have commonly recognized as supporting standing to bring an FDCPA claim. Plaintiff does not allege, for example, that the debt-collection letter caused her "to pay extra money, affect[ed] [her] credit, or otherwise alter[ed] [her] response to a debt." *Markakos v. Medicredit, Inc.*, 997 F.3d 778, 780 (7th Cir. 2021). Nor does plaintiff allege that the letter caused her "great stress, mental anguish, anxiety, and distress." *Maddox*, 19 F.4th at 65.

And the alternative harms that defendant points to are not sufficient. Defendant suggests that plaintiff has set forth facts that support plaintiff's Article III standing by alleging that she suffered confusion and uncertainty. Mem. in Opp'n to Remand 6 (Dkt. #10-3) (citing Compl. ¶ 51). But the allegation in the complaint that defendant cites refers to a hypothetical "least sophisticated consumer," not to plaintiff. *See* Compl. ¶ 51 ("The least sophisticated customer would be misled by Defendant's actions, to the extent that s/he could read the Letter and be led to be confused or uncertain as to whether the alleged Debt is validly due and owing to Defendant when, in fact, it was not."). And in any event, "the state of confusion is not itself an injury [for purposes of Article III]." *Pennell v. Glob. Tr. Mgmt., LLC*, 990 F.3d 1041, 1045 (7th Cir. 2021); *see TransUnion*, 141 S. Ct. at 2214; *see also Garland v. Orlans, PC*, 999 F.3d 432, 437 (6th Cir.

3

2021) ("Confusion does not have 'a close relationship to a harm that has traditionally been regarded as providing a basis for a lawsuit.'") (citation omitted); *Faherty v. Rubin & Rothman, LLC*, No. 3:21-CV-650 (AWT), 2022 WL 1025958, at *5 (D. Conn. Apr. 6, 2022) (collecting cases).

Next, defendant argues that under Second Circuit precedent, an allegation that a defendant violated Section 1692e and 1692g is by itself an allegation of "concrete injury necessary for Article III standing." Mem. in Opp'n to Remand 5 (citing *Papetti v. Does 1–25*, 691 F. App'x 24 (2d Cir. 2017); *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292 (E.D.N.Y. 2016), *aff'd*, 707 F. App'x 724 (2d Cir. 2017); and *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75 (2d Cir. 2018)). But the cases defendant cites predate *TransUnion* and *Maddox*, which establish that a statutory violation does not automatically result in a concrete injury for purposes of Article III. *See TransUnion*, 141 S. Ct. at 2205; *Maddox*, 19 F.4th at 64. Accordingly, defendant's "citation to pre-*TransUnion* cases . . . [is] unavailing." *Kola v. Forster & Garbus LLP*, No. 19-CV-10496 (CS), 2021 WL 4135153, at *8 (S.D.N.Y. Sept. 10, 2021) (rejecting the argument that *Papetti*, *Zirogiannis*, and *Cohen* are still good law); *see Ergas v. Eastpoint Recovery Grp., Inc.*, No. 20-CV-333S, 2022 WL 1471348, at *8 (W.D.N.Y. May 10, 2022) ("*Cohen* thus is no longer good law.").

Indeed, since *TransUnion* and *Maddox* were decided, numerous courts in this Circuit have recognized that a plaintiff does not automatically suffer a concrete injury by virtue of the alleged FDCPA violations. *See, e.g.*, *Devitt v. Portfolio Recovery Assocs., LLC*, No. 21-CV-5657 (ARR) (ARL), 2022 WL 1460278, at *7–8 (E.D.N.Y. May 9, 2022) (remanding a Section 1692e claim because plaintiff's allegations of a statutory violation were insufficient to confer Article III standing); *Cavazzini v. MRS Assocs.*, 574 F. Supp. 3d 134, 143–45 (E.D.N.Y. 2021) (same);

4

*Rosenberg v. McCarthy, Burgess & Wolff, Inc.*, No. 21-CV-2199 (MKB), 2022 WL 3030390, at *3 (E.D.N.Y. Aug. 1, 2022) (rejecting the argument that FDCPA Sections 1692e and 1692f "confer substantive rights the violation of which, in and of itself, constitutes concrete harm under Article III") (citation omitted); *Yelardy v. Miller & Milone, P.C.*, No. 21-CV-1724 (WFK) (TAM), 2022 WL 4813016, at *1–2 (E.D.N.Y. Oct. 3, 2022); *Benhayun v. Halsted Fin. Servs., LLC*, No. 21-CV-4421 (WFK) (SIL), 2022 WL 4813538, at *2 (E.D.N.Y. Sept. 30, 2022); *Sputz v. Alltran Fin., LP*, No. 21-CV-4663 (CS), 2021 WL 5772033, at *3 (S.D.N.Y. Dec. 5, 2021).

In arguing that "courts continue to treat . . . allegations regarding misrepresentations of ownership of debt and the amount of debt as sufficient to allege the necessary concrete injury," defendant points only to a pair of inapposite decisions outside this Circuit. Mem. in Opp'n to Remand 7 (citing *Ozuna v. Budget Control Servs.*, No. 19-CV-2034 (LTB) (NRN), 2022 WL 1619684, at *3 (D. Colo. Mar. 1, 2022); *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1191 (10th Cir. 2021)). In the unpublished decision from the District of Colorado on which defendant relies, the plaintiff—unlike the plaintiff in this case—had asserted "a tangible injury in the form of increased anxiety and emotional distress." *Ozuna*, 2022 WL 1619684, at *3. And in the Tenth Circuit case on which defendant relies, the Court of Appeals found standing because the plaintiff had alleged injury in the form of an unwanted phone call and voicemail message that were received after the plaintiff had requested that the debt collector cease telephone communications—an injury that the Circuit found adequate because of its resemblance to the harm involved in the common law tort of intrusion upon seclusion. *Lupia*, 8 F.4th at 1191–93. Again, plaintiff has not made similar allegations in this case.

Because defendant has failed to establish that federal jurisdiction exists, this action must be remanded to state court. *See Montefiore*, 642 F.3d at 327.

5

## CONCLUSION

Plaintiff's motion to remand is granted. The case is remanded to the Supreme Court of the State of New York, Kings County.

SO ORDERED.

                                                                            */s/ Rachel Kovner*
                                                                            RACHEL P. KOVNER
                                                                            United States District Judge

Dated:        December 21, 2022
                Brooklyn, New York